**STATE ex SPECHT, Relator v. WALKE, Sheriff, Respondent.**

Ohio Appeals, First District, Butler County.

No. 846.   Decided July 9, 1943.

. Mr. Walter S. Harlan, Hamilton, and Mr. L. J. Ziliox, for relator.

Messrs. Andrews & Weiss, Hamilton, for respondent. ´

## OPINION

By HILDEBRANT, J.

Petition in mandamus filed originally in this Court to compel respondent, Sheriff, to allow and set off to relator

certain monies as exempt under §11738 GC.

The following agreed statement of facts is filed herein:

## "AGREED STATEMENT OF FACTS

"Counsel hereby stipulate that the following is an agreed statement of facts in this cause.

"On August 16, 1941, Samuel S. Kinsinger filed an action in the Common Pleas Court of Butler County, Ohio, against the relator, Paul Specht, said cause being numbered 53232 on the docket of said court.

"Said petition in its first cause of action sets forth that the plaintiff sold the defendant three (3) horses at an agreed price of Three Hundred ($300.00) Dollars; that said horses were delivered, but defendant has failed and neglected and refused to pay the purchase price therefor.

"The second cause of action sets out in substance that plaintiff was the owner of a farm in St. Clair Township, Butler County, Ohio, and that on or about the ____ day of ____, 1938, he entered into an oral agreement with the defendant by which the defendant became a tenant on said farm and agreed to farm the same, each receiving one-half. That the defendant as such tenant took possession of said farm in October 1938 and has remained in possession ever since and until the filing of the petition. Said petition further alleges that the defendant failed to abide by said contract of rental in several particulars set out and alleging that the plaintiff was damaged thereby in the sum of One hundred sixty-eight ($168.00) dollars.

"The petition sets out a third cause of action in substance stating that the defendant appropriated and converted to his own use out of the 1939 corn crop approximately one hundred (100) bushels of corn and it was reasonably worth seventy cents a bushel, and he is therefore indebted to plaintiff in the sum of Seventy ($70.00) Dollars.

"The petition sets out a fourth cause of action in substance stating that on or about June 1939 the plaintiff paid to Dr. Clawson, a veterinarian, Nine ($9.00) Dollars for treating horses of the defendant, and later also paid for the same purpose to the same veterinarian Eight and 25/100 ($8.25) dollars which the defendant failed to pay plaintiff for, and further that the plaintiff paid to A. S. Baker one-half the cost of combining soy beans in the sum of Ten ($10.00) dollars which was the tenant's portion of the cost of said work, and defendant promised to pay same but failed to pay same.

"The prayer is for Three Hundred ($300.00) Dollars on the first cause of action; One hundred sixty-eight ($168.00) dollars on the second cause of action; and on the third cause of action One Hundred ($100.00) dollars; on the fourth cause of action Twenty-seven and 25/100 ($27.25) dollars, in all Five hundred ninety-five and 25/100 ($595.25) dollars.

"The defendant filed an answer and cross petition in said cause No. 53232, the cross petition claiming several amounts due to the defendant from the plaintiff on account of seed corn, seed oats, cost of combining and for soy beans allegedly taken by the plaintiff, and for damages for failure to provide fertilizer, and issues were joined on all of these matters by an answer to said cross petition filed by the plaintiff. The cause was submitted to the jury upon a form of verdict calling for a finding on each separate cause of action enumerated in the plaintiff's petition and in the defendant's cross petition, and in the verdict returned by the jury there was a finding for the plaintiff on the first cause of action, being for the purchase price of three (3) sorrel horses named Fox, Pet and Snip, in the amount of Three Hundred and Three Dollars and eighty-seven cents ($303.87); that these horses were the same horses that had been attached at the outset of the proceeding on the writ of attachment issued against the defendant in said cause and which were later sold by the sheriff of Butler County, Ohio, as hereinafter related, for the sum of Sixty ($60.00) Dollars. After the rendition of said verdict, which, after balancing the findings on the various causes of action, amounted to the amount of Three Hundred Dollars and fifty-one cents ($300.51) in favor of the plaintiff against the defendant, a motion for a new trial was filed by the defendant, which the court overruled and entered judgment in favor of the plaintiff by an entry, of which the following is a copy:

" 'This day this cause came on to be heard on the motion for a new trial filed by Paul Specht, defendant, and same was submitted to the court upon the affidavit filed with said motion and the argument of counsel.

" 'Upon consideration thereof, the court finds said motion to be not well taken and that same should be, and it hereby is, overruled.

" 'And the Court coming now to render judgment upon the verdict of the jury entered herein, does order and adjudge that plaintiff, Samuel S. Kinsinger, recover judgment against the defendant, Paul Specht, in the amount of $300.51, being the verdict of the jury rendered herein, together with the costs of this action taxed at $_____.

" 'To all of which decision, ruling, judgment and order of the court, the defendant, Paul Specht, excepts.'

"At the time of the filing of the petition, to-wit: August 16, 1941, the plaintiff filed an affidavit for attachment, gave bond therefor and order of attachment was issued on said date, and the sheriff attached the following property as the property of Paul Specht, the defendant, to-wit:

1 horse appraised at $25.00
1 horse appraised at $20.00
1 horse appraised at $50.00

Also attached was one-half interest in the crop of thirty-five (35) acres of growing corn appraised at Three Hundred twenty-five ($325.00) dollars.

"On the 23rd day of January, 1942, the court approved an entry of which the following is a true copy:

" 'Both parties consenting thereto it is ordered that the sheriff of Butler County, Ohio, proceed to sell at the present market value the corn heretofore attached in this cause as the property of the defendant and that the sheriff retain in his hands the proceeds of said sale until the further order of this court.'

"On the 6th day of February, 1942, there was approved by the Judge and filed in said cause an entry of which the following is a true copy:

" 'This cause coming on to be heard on the oral application of the plaintiff for the sale of three (3) horses held by the sheriff of Butler County, Ohio, under attachment proceedings in this cause, the Court finds that the horses in question are not receiving the proper care; that by reason of lack of appropriations or means at the sheriff's disposal, proper provision cannot be made for the feeding and care of said horses, and that unless said horses are sold that they will depreciate, in value, and all of the parties herein will be prejudiced and injured by the same.

" 'The Court further finds that the value of said horses is not sufficient to warrant advertisement and sale at public auction and that it would be to the best interest of all parties concerned if the sheriff would sell the same to the highest bidder that he can find and to hold the proceeds thereof pending the proceedings herein.

" 'It is therefore ordered, adjudged and decreed that the sheriff of Butler County, Ohio, immediately endeavor to sell said horses to the highest and best bidder and that said sheriff report to this court said highest and best bid for the further order of said court.'

' "The sheriff sold the corn for Two hundred sixty-four and 23/100 ($264.23) dollars and the horses for the sum of Sixty ($60.00) dollars.

"At all times since the filing of the petition in cause number 53232 the relator Paul Specht who was the defendant in said action has been a resident of Butler County, Ohio, married and head of a family, and living with his wife and several children who are also residents of Butler County, Ohio, and that during all of said time neither he nor his wife was the owner of a homestead.

"That on the 1st day of May, 1942, said Paul Specht made a written demand upon Charles B. Walke, sheriff of Butler County, Ohio, of which the following is a true copy:

" 'To the Sheriff of Butler County, Ohio:

" 'I, the undersigned, Paul Specht, living with _____ Specht, who is my wife, both residents of this state, and neither being the owners of a homestead, demand that you set off to me without levy thereon or sale thereof the following property hereby selected by me and not exceeding Five Hundred ($500.00) Dollars in value and cause the same to be appraised as provided by law, to-wit:

" 'A sum of money which is now in your hands and represents the sale of corn and three horses and which is held subject to the order of the court, in lieu of such homestead; and in addition to the chattel property otherwise by law exempted; that said property nor any part thereof is money, salary or wages due me, nor is the judgment sought to be enforced herein to recover purchase price of said property, or any part thereof, nor is any part thereof a passenger automobile.'

Judgment Debtor.'

"The respondent Charles B. Walke, sheriff, as aforesaid, has ignored said written demand and at all times has refused to comply therewith and has refused to allow and set off to the relator said money in his hands, or any part thereof.

L. J. ZILIOX<br>W. .S. HARLAN<br>JOHN D. ANDREWS,<br>Atty. for Deft."

After providing for the exemption in lieu of a homestead not exceeding five hundred dollars, the pertinent part of §11738 GC, reads as ofllows:

"* * * No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof."

In **State ex Coles, Jr., v Shook et, 97 Oh St 164**, the policy of construction of the exemption statute is stated in the first paragraph of the syllabus:

"1. Laws exempting property of a debtor from execution are to be construed liberally in his favor. A statutory provision in the nature of an exception to the general law on the subject of exemptions should be given a strict construction."

The agreed statement of facts shows four causes of action in the petition, an answer and cross-petition containing several causes of action and that the jury made separate findings on each cause of action enumerated by both parties, and then the following language appears:

"After. the rendition of said verdict, which, after balancing the findings on the various causes of action, amounted to the amount of Three Hundred Dollars and fifty-one cents ($300.51) in favor of the plaintiff against the defendant."

The judgment is worded thus:

"This day this cause came on to be heard on the motion for a new trial filed by Paul Specht, defendant, and same was submitted to the court upon the affidavit filed with said motion and the argument of counsel.

"Upon consideration thereof, the court finds said motion to be not well taken and that the same should be, and it hereby is, overruled.

"And the court coming now to render judgment upon the verdict of the jury entered herein, does order and adjudge that plaintiff, Samuel S. Kinsinger, recover judgment against the defendant, Paul Specht, in the amount of $300.51, being the verdict of the jury rendered herein, together with the costs of this action taxed at $_____.

"To all of which decision, ruling, judgment and order of the court, the defendant, Paul Specht, excepts."

This Court cannot discover from the above what the separate jury findings were, nor just what findings are included in the amount of the judgment, as entered.

In **State ex Coles, Jr., v Shook et, 97 Oh St 164,** the third paragraph of the syllabus is:

"A judgment rendered in a case where a claim for the purchase price of property is combined with a book account for merchandise is an entirety and indivisible, and a court, in a mandamus proceeding brought by the judgment debtor to require an officer in whose hands an execution has been placed for levy to set off certain property as an exception, is without power to apportion the judgment."

The relator being entitled to hold said fund exempt unless it was made from the sale of property upon which he owed the purchase price or a part thereof, the burden of proving the exception to the statute is upon respondent, and from the record it appears to the Court that burden has not been sustained.

Peremptory writ may issue.

ROSS, P. J., and MATTHEWS, J., concur.